IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN MCEWEN, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:09-cv-1181 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UPMC SHADYSIDE PRESBYTERIAN HOSPITAL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Now pending before the Court is the MOTION FOR RELIEF FROM JUDGMENT AND FOR RECONSIDERATION OF MOTION FOR SUMMARY JUDGMENT *(Document No. 31)* filed by Plaintiff John McEwen. Defendant UPMC Shadyside Presbyterian Hospital ("UPMC") has filed a brief in opposition (*Document No. 32*) and the motion is ripe for disposition.

Factual and Procedural Background

The factual background was set forth at length in the Court's Memorandum Opinion of November 23, 2010 and will not be repeated in full herein. Briefly summarized, Plaintiff was a long-time employee of UPMC, who worked as a Radiological Technologist in the Cardiac Catheterization Lab ("Cath Lab") at Shadyside Hospital. On August 25, 2005, McEwen was involved in a serious motorcycle accident resulting in the amputation of his left leg. After a lengthy convalescence, Plaintiff returned to work as a "casual" employee in the Cath Lab on a limited schedule. McEwen performed his duties in the Cath Lab for over a year without incident.

1

In July 2007, McEwen requested that his hours be increased from eight (8) hours per week to twenty (20) hours per week. His objectives were: (1) to eventually get back to work full-time; and (2) to maintain UPMC health benefits, which would otherwise have been lost as a result of his wife leaving the employ of UPMC.[1] CSMF 27. In connection with his request for increased hours, McEwen submitted a note from his doctor, Mary Ann Miknevich, M.D., which stated: "The above [patient] may increase his current work hours to a part-time basis (20 hrs/week) with no restrictions." UPMC concluded that there was not a sufficient volume of work in the Cath Lab to support additional work hours and offered McEwen the option of working an additional 10-12 hours per week in the Interventional Radiology Lab ("Angio Lab"). Unfortunately, the physical rigors of the technologist duties in the Angio Lab were beyond McEwen's capabilities. There was only one technologist on duty at a time in the Angio Lab, who served as a "Jack of all trades" and scrubbed in for all procedures. Plaintiff asserts that the inability to sit down while in the Angio Lab is the essence of his Complaint. Response to CSMF ¶ 45.

On November 14, 2007, Plaintiff provided a note from Dr. Miknevich, which noted that McEwen had been seen that day with "worsening pain." Dr. Miknevich stated that McEwen could "perform sedentary/light duty work 4-6 hours per day only 1 to 2 days/week effective immediately." Upon receipt of this note, UPMC restricted McEwen's hours by no longer assigning him to the Angio Lab. The reduction in hours resulted in McEwen again becoming classified as a "casual" employee rather than a "part-time" employee. On December 6, 2007, Dr. Miknevich submitted another note, which explained that McEwen was experiencing chronic stump pain associated with the amputation of his left leg and that he had suffered a medial meniscus tear in his right knee. December 10, 2007 was McEwen's last day of work at UPMC.

---

[1] McEwen's wife was a Registered Nurse who had worked in the Cath Lab until her resignation.

He did not call to resign or submit a letter of resignation. In December 2007, Plaintiff applied for Social Security disability benefits and represented that he was unable to perform any gainful employment due to his medical condition, with or without accommodation. Plaintiff's application was approved and he began receiving Social Security disability benefits in May 2008. Plaintiff's Complaint asserts claims for failure to accommodate his disability under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111(9), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 962(c).

Standard of Review

A motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Reconsideration is not appropriate where a movant is simply seeking a "second bite at the apple." *Calhoun v. Mann* \*1 (E.D. Pa. January 22, 2009). The grounds for relief from judgment are explicitly stated in Fed. R. Civ. P. 60(b).

Legal Analysis

In the pending motion, McEwen argues that UPMC's assignment of work in the Angio Lab caused him to suffer injury and disability. The Court rejected this claim. As one of its numerous reasons, the Court noted that Plaintiff had failed to provide any evidence of record in support of its theory. Counsel for Plaintiff avers that he had advised the Court that Dr. Miknevich had authored an expert report that supported his contentions of injury and disability. Counsel for Plaintiff further notes that he took the trial deposition of Dr. Miknevich on November 18, 2010

3

(after the deadline for the summary judgment submissions), and he asks the Court to review the transcript of this deposition. In Plaintiff's view, the Court dismissed his claim because it mistakenly believed that Plaintiff did not have competent causation evidence to present at trial.

UPMC opposes Plaintiff's motion. UPMC contends that Dr. Miknevich's opinions are not "newly discovered" because she prepared an expert report in October 2010 and Plaintiff inexplicably failed to include it as part of the summary judgment record. UPMC also argues that Dr. Miknevich's deposition testimony would not alter the result of the summary judgment motion because the ADA and PHRA do not provide relief for claims that an employer caused an employee to become disabled.

The Court agrees with UPMC. The Court recognized at the summary judgment stage that Plaintiff was attempting to assert a "causation of disability" theory. See Memorandum Opinion at 7 ("McEwen theorizes that because he supported nearly all of his weight on his right leg, the additional standing required in the Angio Lab created a burning sensation such that he became totally disabled. Plaintiff agrees that there is no accommodation, at this time, that would make it possible for him to work – but, he explains that he is suing UPMC for disabling him.") In its Memorandum Opinion, the Court articulated numerous flaws with Plaintiff's theory. Specifically, the Court concluded that the Complaint did not adequately put UPMC on notice to defend against a "causation of disability" claim; and explained that UPMC was not legally required to offer McEwen increased hours in the Angio Lab. Moreover, the Court concluded, as a matter of law, that a "causation of disability" claim was not cognizable under the ADA or PHRA. See Memorandum Opinion at 12-13 (citing *Bertinetti v. Joy Mining Machinery,* 231 F.Supp.2d 828, 835 (S.D. Ill. 2002) and *Smith v. Blue Cross Blue Shield of Kansas*, 102 F.3d 1075, 1077-78 (10th Cir.1996)) (the remedy for a personal injury claim for an exacerbation of employee's

4

condition lies in tort or the Worker's Compensation Act).  In other words, even assuming, arguendo, that Plaintiff had timely submitted an expert opinion from Dr. Miknevich to the effect that UPMC had caused McEwen to become totally disabled, Plaintiff's "causation of disability" claims would have failed as a matter of law.  The Court adheres to the legal conclusions and reasoning set forth in the Memorandum Opinion.  Dr. Miknevich's opinions regarding causation cannot remedy the legal shortcomings of Plaintiff's claims.

In accordance with the foregoing, the MOTION FOR RELIEF FROM JUDGMENT AND FOR RECONSIDERATION OF MOTION FOR SUMMARY JUDGMENT *(Document No. 31)* filed by Plaintiff John McEwen is **DENIED**.

SO ORDERED this   16th day of December, 2010.

BY THE COURT:

s/    Terrence F. McVerry
United States District Court Judge

cc:     John Newborg, Esquire
        Email: jdnewborg@aol.com

        John Myers, Esquire
        Email: jmyers@eckertseamans.com

        Andrew Quesnelle, Esquire
        Email: aquesnelle@eckertseamans.com